UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

BARRY ALLEN BOONE,                                      Case No. DT 05-10536
                                                        Hon. Scott W. Dales
              Debtor.

_____/

BARRY ALLEN BOONE,

              Plaintiff,                                Adversary Proceeding
                                                        No. 05-80743
v.

MARLA BOONE and
FRIEND OF THE COURT,

              Defendants.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

Through this adversary proceeding, Debtor/Plaintiff Barry Allen Boone ("Plaintiff") seeks a judgment determining that a debt to his ex-spouse, Marla Boone ("Defendant") should be discharged under 11 U.S.C. § 727 notwithstanding the exception to discharge prescribed in 11 U.S.C. § 523(a)(15).   To this end, Plaintiff has filed a Motion for Summary Judgment under FED.R.CIV.P. 56 (the "Motion").   Defendant has filed a response to the Plaintiff's Motion ("Response") and the court permitted the Plaintiff to file a reply ("Reply").   The court has considered the Motion, the Response, the Reply, and other pleadings on file as FED.R.CIV.P. 56 requires.

The court is familiar with the standards governing motions for summary judgment.   Under the rule, summary judgment should only be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See FED.R.CIV.P. 56(c). The court, when considering such a motion, must draw reasonable inferences in favor of the non-moving party, and certainly does not resolve disputed issues of fact. Rather, the court's task is more limited to ferreting out, based on the record before it, whether genuine issues of material fact exist and if not, whether the record establishes as a matter of law that the moving party is entitled to judgment before trial.

The Plaintiff and the Defendant, prior to the filing of the petition in this case, entered into a Property Settlement Agreement pursuant to which the Plaintiff obligated himself to remit to the Defendant, in periodic installments, payments in the nature of alimony, support and maintenance in the amount of $378,000.00. To secure this obligation, the Plaintiff caused his related enterprise, Boone's Cattle Company, to grant a mortgage in the Defendant's favor on 515 acres of land. Thereafter, Boone's Cattle Company endeavored to sell one of the parcels that was encumbered in favor of the Defendant. Before closing, the Plaintiff inquired of the agent from the Missaukee Title Company whether the Defendant needed to be present at the closing. According to the Plaintiff's affidavit, the title company responded in substance that the Defendant need not attend. The closing occurred and, notwithstanding the Defendant's lien on the property, the title company evidently remitted the sale proceeds to the Plaintiff or his company, Boone's Cattle Company, including the portion that should have been paid to the Defendant to discharge her lien. Evidently, the Defendant later contacted the title company to inquire why the company failed to protect her interests and after some negotiation, the Defendant and the title company's affiliate entered into a Settlement Agreement.

In the course of this adversary proceeding, counsel for the Defendant stated, perhaps too colloquially, that the Defendant assigned her interest under the divorce judgment to First American Title. Seizing on that statement, the Plaintiff filed the instant Motion premised on the language of 11 U.S.C. § 523(a)(15) as in effect at the time this case was commenced, which precluded the court from excepting alimony and related

debts from discharge under 11 U.S.C. § 523(a)(15) if the ex-spouse had assigned her claim to a non-governmental entity.  In response to the Plaintiff's Motion, the Defendant offers, among other things, the Settlement Agreement that she and First American Title subscribed.  Drawing inferences in Defendant's favor, the language in the Settlement Agreement contradicts the off-handed suggestion that the Defendant had assigned her interest in the divorce judgment to the title company.  Rather, a fair reading of the Settlement Agreement persuades the court that a genuine issue of material fact exists as to whether the Defendant in fact assigned her interest under the divorce judgment to First American Title.  Specifically, the Settlement Agreement indicates, "First American Title shall loan to Marla Boone an amount of $136,125.00, which is equal to her alimony in gross that remains unsatisfied from the date of this agreement, subject to the terms and conditions contained herein."  See Settlement Agreement at ¶ 1.  As security for this loan, the Settlement Agreement recites that "[t]he loan shall be repaid, if at all, from the alimony in gross proceeds that Marla Boone receives from Barry Boone commencing from the date of this agreement."  See Settlement Agreement at ¶ 2.

Viewing the Settlement Agreement in the light most favorable to the Defendant, the court finds (for purposes of this motion only)[1] that the Settlement Agreement did not effect an assignment of the Defendant's rights to alimony or under the divorce judgment within the meaning of 11 U.S.C. § 523(a)(15).  Rather, at most, the Settlement Agreement provided a fund from which the supposed loan described in paragraph 1 would be repaid, namely from any alimony payments the Defendant receives from the Plaintiff.  From the four corners of the document, it appears, therefore, that the Defendant retained her rights against her ex-husband in this matter, notwithstanding the Settlement Agreement.

The court has considered the Plaintiff's arguments premised on supposed judicial admissions that the Defendant's counsel made in Defendant's brief filed in opposition to Plaintiff's recent discovery motion.  With substantive rights at stake, the court is not prepared to treat the statements contained in that brief as determinative of the

---

[1] The court does not resolve factual disputes on a motion for summary judgment.

characterization of the Settlement Agreement itself.  Even assuming the Defendant's counsel's description of the transaction as an assignment is an admission of the Defendant, the "admission" is but one piece of evidence, as is the Settlement Agreement.  On this Motion, the court must draw reasonable inferences in the Defendant's favor, and therefore infers (after reading the Settlement Agreement) that the Defendant's counsel may have overstated the effect of the Settlement Agreement, and that the Plaintiff's counsel overstates the effect of the supposed admission.

The court has considered the Plaintiff's other arguments set forth in his Motion and rejects them.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Opinion and Order pursuant to FED.R.BANKR.P. 9022 and LBR 5005-4 upon Michael W. Donovan, Esq., attorney for Plaintiff, David A. Lerner, Esq., attorney for Defendant Marla Boone, and Defendant Friend of the Court.

END OF ORDER

IT IS SO ORDERED.

Scott W. Dales
United States Bankruptcy Judge

Dated: May 22, 2009